---

ARMOUR PACKING CO. v. LONDON.

1. EXCEPTIONS too general.
2. WORDS AND PHRASES—CHATTEL MORTGAGES—ASSIGNMENT.—The word "proceeds" in Circuit decree means the price actually paid by the mortgagees for the stock of goods, and that for which they must account, the mortgage being held to be an assignment.
3. ACCOUNTING—IBID.—IBID.—Mortgagee taking possession of stock of goods under mortgage held to be an assignment, must account for accounts collected and interest thereon.
4. CHATTEL MORTGAGES—LIEN—ASSIGNMENT—CLAIMS.—A mortgagee of a stock of goods held to be an assignment can only prove claim against mortgagor for actual price paid for it, and a mortgage securing such claim is not lien on "proceeds" of goods.
5. ASSIGNMENT—LIEN—A CHATTEL MORTGAGE junior to one held to be an assignment is not a lien upon the property mortgaged in hands of mortgagee, who accounts only for "proceeds."
6. REMEDIES—CREDITORS—ASSIGNMENT—ACCOUNTING.—The rights of creditors in a proceeding to declare a mortgage an assignment must be determined as they stood at date of decree calling them in, and not at date of mortgage.
7. IBID.—LIMITATION OF ACTIONS.—A CREDITOR cannot plead the

statute of limitations to a debt of his insolvent debtor, evidenced by a note given for a debt barred at date of execution of note.

8. HOMESTEAD conceded an insolvent debtor out of assets in hands of chattel mortgagee, the mortgage having been held an assignment.

9. ATTORNEY'S FEES—REFERENCE.—Order of reference to inquire and report counsel fee proper.

Before BENET, J., York, November, 1897.    Modified.

Creditors' bill by Armour Packing Company v. F. O. London, Jno. R. London, and Mary B. Moore. From Circuit decree as to accounting, defendants appeal.

*Messrs. Wilson & Wilson*, for appellants, cite: *When mortgage is set aside property stands as if no such paper ever existed:* 3 Strob. Eq., 58; 37 S. C., 222; 39 S. C., 204; 41 S. C., 62; 44 S. C., 76. *"Proceeds:"* 41 S. C., 61. *Equity has discretion as to claim not bearing interest at law:* 3 Rich., 466. *Claims will be paid out of fund in Court according to legal rank:* 44 S. C., 76; 41 S. C., 50.

*Messrs. Hart & Cherry*, contra, cite: *Title passed at execution of mortgages:* 20 S. C., 17; 26 S. C., 110. *Measure of damages for wrongful conversion:* 3 Rich., 191; 2 McM., 141; 47 S. C., 582. *Value of the goods is admitted in answer, and is conclusive:* 30 S. C., 578; 44 S. C., 19. *Assignment good between parties, though void as to creditors:* 44 S. C., 72. *As to debt arising after assignment:* 45 S. C., 583. *Assignee cannot waive statute of limitations in own behalf:* 14 S. C., 458; 23 S. C., 578, 29 S. C., 343. *Attorney's fees:* 47 S. C., 580. *Assignees having intermixed stock and additions, should account for all:* 132 Mass., 114; 1 McC., 473. *Interest properly charged:* Cheves, 63. *Creditors in insolvency proceedings may plead statute:* 74 Me., 579; 14 W. Va., 211.

Nov. 17, 1898. The opinion of the Court was delivered by MR. JUSTICE JONES. On the 27th of April, 1894, F. O. London, an insolvent merchant, executed two mortgages on

his stock of goods, store fixtures, books of account and other credits, horse, dray and other rolling stock; one to J. R. London to secure three notes, aggregating $1,625.74, the other to M. B. Moore to secure a note for $640.25; all the notes being dated 27th April, 1894, and payable on May 10th, following. Before the maturity of the notes, being pressed by creditors, F. O. London, on May 4, 1894, sold the stock of merchandise, fixtures and rolling stock to the defendants, J. R. London and M. B. Moore, at the agreed price and valuation of $1,345.84, which amount was credited on the notes secured by the mortgages; to the notes of J. R. London $964.90, to the note of M. B. Moore $380.94. The mortgagees at once took possession of the goods, &c., and also received the books of account of F. O. London, and for a time continued the business as their own, buying other goods and intermingling the same with the original stock of F. O. London, selling said stock, with the additions thereto, and collecting the accounts, &c., of F. O. London. A short time after the sale to defendants, some time in May, 1894, the plaintiff, suing for itself and other creditors that might come in, brought this action, which, on January 14th, 1897, resulted in the decree of Hon. R. C. Watts, from which no appeal was taken, adjudging the said mortgages void, both under the Statute of Elizabeth and under the assignment act, being held to be in effect an assignment by an insolvent debtor, with preferences. The decree further required the defendants, J. R. London and M. B. Moore, to account before W. Brown Wylie, as referee, "for the proceeds of the property transferred to them." It also provided for calling in the creditors of F. O. London to establish their claims.

As to the accounting. The referee, construing the decree of Judge Watts to require defendants to account for the proceeds of the sale of the goods, &c., as made by them after May 4, 1894, held defendants accountable as follows:

To net amount arising from sale of stock......... $  536 22
    Amount arising from sale of rolling stock....    120 00

| | | |
|---|---|---|
| Amount arising from collections on F. O. London accounts... ........................... | 481 | 30 |
| Amount John R. London accounts............. | 206 | 99 |
| Amount Mary B. Moore accounts............... | 72 | 80 |
| Amount to open accounts and balance on ledger of London & Moore.................... | 113 | 58 |
| Total............................................... | $1,530 | 89 |
| Credited by amounts paid for collecting, taxes, and wages....................................... | 99 | 26 |
| Total amount for which the defendants should account to this Court is...................... | $1,431 | 63 |

The defendants excepted to this report, alleging error: (1) In finding that the defendants should account for any of the proceeds of the property transferred to them by F. O. London, May 4, 1894. (2) In finding that defendants should account for any of the items in the report except the item of $481.30, amount arising from collections on F. O. London's accounts. (3) In not finding that F. O. London was entitled to receive $500 from said funds as a homestead.

The Circuit Court, Hon. W. C. Benet, overruled the exceptions of defendants. In sustaining the exceptions of plaintiff, his Honor held, in reference to the matter of accounting: (1) That the referee erred in not charging the defendants, J. R. London and M. B. Moore, with the sum of $1,345.84, and interest thereon from May 4, 1894, the same being the price at which defendants took the stock, &c., after a full inventory and valuation. (2) That the defendants having intermixed the goods of F. O. London coming into their hands with other goods of their own, so that the mass of goods and sales thereof became indistinguishable, it was error to adopt the method of accounting by supposed retail sales. (3) That it was error to allow the defendant, J. R. London, to testify as to sales of goods at retail in contradiction of the allegations of his answer in the cause. (4) That interest should be charged against the de-

fendants on the choses in action collected, and stated to aggregate the sum of $481.30 from the time the several items making up this sum were collected.

Appellants' 1st, 2d, 3d, 8th, and 9th exceptions allege error in reference to the matter of accounting.   The 2d and 8th exceptions are so general they need not be considered.   The 1st exception assigns error "in sustaining plaintiff's exceptions as to the method of accounting before the clerk, in not charging the defendants with the sum of $1,345.84 as the proceeds of the mortgaged property, and interest on this sum from May 4th, 1894."   We do not think there was error in the ruling of the Circuit Court.   The order of Judge Watts required defendants to account "for the proceeds of the property transferred to them."   As this order has not been appealed from, it is final as to the scope of the accounting.   The word "proceeds" is of such general signification that resort must usually be made to the context, and to the subject matter to which it relates, in order to ascertain its meaning.   It is conceded that it includes in this case the receipts from the collection of the accounts and notes of F. O. London, transferred to defendants, May 4, 1894.   Just previously, in the same decree, Judge Watts used this language: "* * * applied the proceeds of the personal property by crediting the notes secured by the mortgages," alluding to the fact that defendants, when they bought the stock, &c., for $1,345.84, applied this sum, the purchase price of the stock, &c., to the credit of the notes secured by the mortgages.   Here, evidently, the Circuit Judge meant by the word "proceeds" to include the price agreed to be paid by defendant for the goods, &c.   We think it fairly within the terms of the decree of Judge Watts to hold the defendants accountable for $1,345.84, as the proceeds of that part of the assets of F. O. London, claimed to have been purchased by them on May 4, 1894.   Appellants have no ground for complaint in being held accountable for this sum, for, by their answers in this case, such sum was the fair

value of the property. This valuation was ascertained by taking an inventory of the stock of goods, store fixtures, and rolling stock at a stated valuation, and then estimating the true value at seventy-five per cent. thereof. Clearly defendants were liable to account for the property or its value. Having intermingled this property with other goods purchased by them, so as to render it impossible to account with accuracy and certainty for their receipts from the sale thereof, they can not complain that they must account for its value as estimated by themselves before the intermingling. The proceeds of this transaction, $1,345.84, being illegally retained and appropriated by the defendants, they are liable for interest thereon from the time of retention and appropriation. *Southern Railway Co.* v. *City Council of Greenville*, 49 S. C., 449, and authorities cited. It follows, also, that defendants are liable for the interest on the collections, aggregating $481.30, from the time of collection; and so appellant's third exception must be overruled. As we have held that defendants must account for $1,345.84, as the value of proceeds of the stock of goods, store fixtures, and rolling stock transferred to them, it is unnecessary to further notice the ninth exception, which imputes error in failing to find that the defendants should not account for any of the proceeds of the property transferred to them on May 4, 1894.

As to contested claims. 1. The claim of J. A. Durham & Co. It appears that F. O. London, on April 28th, 1894, gave his note to J. A. Durham & Co. for $152.09, in settlement of a simple contract debt existing prior to the mortgages to defendants, and to secure said note executed a mortgage the same day on the property mortgaged to defendants. Some time afterwards, J. R. London bought this note and mortgage for fifty per cent. of its face. The claim was contested on the ground that it did not constitute a lien on the property or fund in question, and was provable for only the amount paid therefor by J. R. London. The Circuit Court took this view. We

concur in this.    Whatever may have been the legal rights of J. A. Durham & Co. against the specific property mortgaged while in the hands of F. O. London, the mortgage is not a lien on the fund in Court.    J. R. London, holding the relation of a trustee as to the assets of F. O. London in his hands, could not speculate in reference to the trust estate.    The claim is provable as an unsecured claim for the amount J. R. London paid therefor.

2. As to the claim of J. G. Suther.    This is a note by F. O. London to J. G. Suther, dated April 30th, 1894, for $155.35, secured by a mortgage on the stock of goods, &c., executed same day.    The Circuit Court allowed this claim to be established as an unsecured claim.    We concur in this.    The Court did not take charge of the estate of F. O. London for the purpose of administration until the filing of the decree of Judge Watts, January 14th, 1897, when creditors were called in to establish their claims, and the assets then brought into Court were not the specific property mortgaged, but the liability of defendants to account for the proceeds thereof, they having disposed of and appropriated the mortgaged property.    If the mortgaged property had been brought into Court and sold under its order, a different question would be presented, as to whether the mortgages to J. G. Suther and J. A. Durham & Co., executed after the void mortgages to defendants were executed, but before sequestration of the property by the Court, constitute liens upon the fund in Court.    *Ex parte Spragins*, 44 S. C., 65.

3. Note by F. O. London to J. R. London for $894.11, dated January 9th, 1897.    This note shows that it was given for balance due on account, March 1st, 1883.    The claim was rejected by the Circuit Court on the ground that it was a debt created after the assignment of F. A. London to his codefendants on the 27th day of April, 1894.    This was error.    The rights of creditors in this case are to be determined with reference to the filing of the decree, January 14, 1897, when *all* creditors of F. A. London

35—53

were required to establish their claims.    When the Court took charge of the assets and called in creditors, this note was outstanding.    The principle announced in *Ragsdale* v. *Bank*, 45 S. C., 575, that debts arising after an assignment is made is not provable against the assigned estate, is not applicable in this case, where there was no valid assignment, and the claims are not presented against an assigned estate, but are presented against a fund in Court, under a call of the Court for all creditors to come in and establish their claims.    Respondents gave due notice that they would urge that the judgment as to this claim be sustained on the ground that the claim was barred by the statute of limitation, as urged below.    Clearly the note was not barred, and that was the claim presented.    The account of March 1st, 1883, although barred by the statute of limitation, was a good consideration for the note.    *Mc-Grath* v. *Barnes*, 13 S. C., 338.    The defense of the statute of limitations is the personal privilege of the debtor, which he will not be compelled to exercise, since the law allows a man to be honest and to acknowledge his debts.    There is no suggestion of fraud or collusion as to this claim.    If it be conceded that in insolvency proceedings, after the Court takes the matter of claims out of the debtors' hands, one creditor may set up such plea as to the claim of another; the claim in this case is not the account of 1883, but the note of 1897, based on good consideration, and given before the Court called in creditors.    The fifth exception as to this claim is sustained.

4. The account of J. R. London against F. O. London for $405.51.    This account was from March 19, 1894, to December, 1896.    This claim, except for the item of cash loaned March 19, 1894, $50, was rejected by the Circuit Court on the ground that the items were for goods purchased after the date of F. O. London's assignment on April 27th, 1894.    This was error, for reasons already stated.    The sixth exception is, therefore, sustained.

As to F. O. London's claim of homestead.    The tenth

exception alleges error in failing to find that defendant, F. O. London, is entitled to receive as a homestead exemption $500, out of the property involved in this action, or the proceeds thereof. We are relieved of any necessity of passing upon the right of defendant, F. O. London, to a homestead exemption, in view of the following notice in the record: 1. To Messrs. Wilson & Wilson, attorneys for appellants: Take notice that on the argument before the Hon. W. C. Benet, at November term, 1897, respondents announced that they had no valid objections to oppose to the claim of F. O. London to an exemption of $500 out of the proceeds of the assets in issue. They repeat this announcement as a full answer to appellant's tenth exception. (Signed) Hart & Cherry, attorneys for respondents. The right of homestead claimed must, therefore, be considered as conceded by respondents.

We find no error in the order for reference to inquire and report a suitable amount as compensation to counsel for plaintiff. Whether such fee can be paid out of what may be assigned to F. O. London as a homestead, has not been considered or passed upon in the Circuit Court, nor will it be considered by this Court at this stage.

The judgment of the Circuit Court is modified, as herein above stated, and the case is remanded for further proceedings, in accordance with the principles herein announced.